TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RICHARD E. ROBINSON (Cal. Bar No. 90840)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0713
     Facsimile: (213) 894-6269
     E-mail: richard.robinson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-000626-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM REGARDING DEFENDANT AHMAD JOHN ARFAANIA; DECLARATION OF AUSA RICHARD E. ROBINSON AND EXHIBITS |
| v. | |
| AHMAD JOHN ARFAANIA, | Hearing Date: June 23, 2021 |
| Defendant. | Hearing Time: 11:00 a.m. |

Plaintiff United States of America, through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Richard E. Robinson, hereby submits the government's Sentencing Memorandum with respect to defendant Ahmad John Arfaania.

The government's sentencing recommendation is based on the attached Sentencing Memorandum and Declaration of AUSA Richard E. Robinson, the government's Notice of Breach of Plea Agreement filed concurrently, the files and record in this case,

1

and such further evidence and argument as the Court may permit.

June 10, 2021                    Respectfully submitted,

                                      TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                          /s/ *Richard E. Robinson*
                                      RICHARD E. ROBINSON
                                      Assistant United States Attorney
                                      Major Frauds Section

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.   INTRODUCTION**

Defendant Ahmad John Arfaania faces sentencing by the Court following his guilty plea on February 17, 2021, to wire fraud, in violation of 18 U.S.C. § 1343, as charged in count one of the information in this case.  Defendant pleaded guilty to this offense pursuant to his Plea Agreement with the government (the "Plea Agreement").  ECF 6.

With respect to the Presentence Investigation Report for defendant issued April 28, 2021 (the "PSR"), the government has provided its written objections and proposed corrections, with more than 200 pages of supporting documents for its position, to the Probation Officer and defendant, and requested that the Probation Officer further investigate and revise the PSR as appropriate.  To date, the government has not received defendant's objections to the PSR.  *See* attached declaration of AUSA Richard E. Robinson ("Robinson Decl.") ¶¶ 14, 18.  As discussed below, the government's primary objections to the PSR are the result of defendant's obstruction of justice by providing the Probation Officer altered bank account statements and a fabricated business contract, concealing a bank account defendant uses, and concealing defendant's multiple Payroll Protection Program ("PPP") loans obtained in 2020.  Consequently, defendant's conduct obstructed and impeded the Probation Officer's assessment of defendant's ability to pay restitution and a fine and rendered the PSR determinations in that regard unreliable. Defendant's conduct, including the substantial financial hardship he

caused to N.W., warrants a higher Sentencing Guidelines total offense level than that calculated in the PSR.

The government is concurrently filing a Notice of Breach of Plea Agreement, asking the Court to find that defendant has breached the Plea Agreement. If the Court finds a breach to have occurred, the parties have agreed that the government is relieved of all its sentencing stipulations and obligations under the Plea Agreement. Plea Agreement ¶ 23.

As discussed below, given defendant's offense level 15 based on the undisputed $130,335 fraud loss to victim N.W., and taking into account the warranted 2-level enhancement for defendant's conduct resulting in substantial financial hardship to N.W. and 2-level enhancement for the defendant's obstruction of justice, defendant's adjusted offense level is 19. Given defendant's obstruction of justice, defendant should not receive any offense level reduction for acceptance of responsibility. If the Court finds defendant breached the Plea Agreement, the government contends that defendant should not receive the 2-level COVID variance provided by Plea Agreement ¶ 15, which was premised on defendant's genuine acceptance of responsibility. Defendant is in Criminal History Category II. PSR ¶ 44. With a total offense level of 19, defendant's advisory guideline range is 33-41 months.

The government recommends that the Court sentence defendant to a 36-month term of imprisonment, followed by a 3-year term of supervised release with the terms and conditions recommended by the Probation Officer, and order defendant to pay restitution to N.W. in the amount of $130,335 with an immediate payment of at least $25,000,

pay a fine of at least $10,000, and pay the mandatory special assessment of $100.

**I.   OBJECTIONS TO PSR**

The government has the following objections to the current PSR, primarily resulting from new information the government obtained well after the PSR was issued.[1]

**A.   The Offense Conduct**

PSR ¶ 15: should be revised to clarify that while $130,335 was transferred to defendant from the bank account of N.W.'s mother, the funds were N.W.'s (not his mother's).  They were proceeds that N.W. had received from a malpractice settlement relating to the death of N.W.'s infant son.

PSR ¶ 16-17: should be revised to reflect that after defendant received N.W.'s $130,335 payment, defendant repeatedly falsely represented to N.W. (including during their Malibu lunch) that defendant was working to acquire the promised Adidas sneakers, continuing until September 2017, when defendant avoided responding to N.W. regarding the Adidas sneakers.

**B.   Victim Impact**

PSR ¶ 21: should be revised to fully reflect the financial hardship, including substantial loss of savings, substantial harm to ability to obtain credit, substantial changes to living arrangements, and other harms suffered by victim N.W.

---

[1] The government's determination and filing of its objections to the PSR, pursuant to Rule 32, was delayed because of additional investigation the government conducted after its receipt of the PSR, in response to new information the government received concerning defendant.  Robinson Decl. ¶¶ 2, 13-14.  The government requests that the Court allow the government to make these objections as timely, pursuant to Rule 32(i)(1)(D).

3

### C. Adjustment for Obstruction of Justice

PSR ¶ 23: should be revised to reflect the facts that support an Adjustment for Obstruction of Justice, because defendant willfully produced altered documents (bank statements), a fabricated business contract (purportedly with Coinbase Global, Inc.), his personal financial statements with material omissions and false statements, and other materially false information to the Probation Officer in respect to a presentence investigation. USSG §§3C1.1, comment. (n.4 (C),(H)). *See also* §5E1.3, comment. (n.6); *United States v. Anderson,* 68 F.3d 1050, 1055-56 (8th Cir. 1995); *United States v. Adams,* 955 F3d 238, 249-50 (2d Cir. 2020). Robinson Decl. ¶¶ 7-12, 15-17.

### D. Employment Record

PSR ¶ 75: should be revised to reflect that defendant's claimed contract with "Jopri Solutions, A.W.O.S. of Coinbase Global Inc." to receive $10,000 a month is nonexistent, supported only by his fabricated "ANNEX A" document and altered Happy Returns bank account statements.

PSR ¶ 76: should be revised to reflect that defendant's purported 2019 individual income tax return is unsigned and undated, and its Schedule C concerning Happy Returns LLC is materially inconsistent with defendant's PPP loan applications for Happy Returns LLC.

PSR ¶ 77: should be revised to reflect that defendant also owns Happy Returns LLC – WY, for which defendant applied for a PPP loan by representing it had 27 employees; and that defendant did not disclose this PPP loan.

4

PSR ¶ 80: should be revised to reflect that defendant obtained the $27,620 PPP loan in the name of N.A. FAM LLC, which he failed to disclose.

### E.   Financial Condition: Ability to Pay

PSR ¶ 84: should be revised to reflect that defendant has not complied with the provisions of General Order 03-01, which required defendant to list all his assets owned or controlled and his earning ability, and to provide all supporting financial documents requested by the Probation Officer, including bank account statements.  It should also be revised to reflect that defendant failed to provide bank statements for his Wells Fargo Bank N.A. FAM Account.  The asset amount listed for the Wells Fargo Happy Returns Account is not reliable because defendant provided altered account statements to the Probation Officer, and the liabilities listed are not reliable to the extent they do not reflect the PPP loans defendant obtained for which he is personally liable.  The $10,000 monthly income amount is likewise not reliable because it is based on defendant's bogus ANNEX A contract, and the Probation Officer could not otherwise verify defendant's current employment.  PSR ¶ 75.(e).  As a result, the $5,540 total monthly cash flow amount is not reliable.

PSR ¶ 89: the analysis of balances and transfers in the Happy Returns Account is not reliable because it relies on the bank account statements defendant altered.  For example, the account's ending balance on March 31, 2021 is not $20,935.79.  It is $69,935.79, according to genuine bank statements obtained from Wells Fargo Bank.  The PSR notes unexplained transfers reducing the account balance, so that only $4,867 was in the account according to defendant's PFS on April 15, 2021.  Defendant's PFS is false in this regard.  The

genuine April 30, 2021 Wells Fargo Bank statement shows a $59,822.07 account balance on April 15, 2021. That statement also shows deposits of more than $80,000 and withdrawals of more than $145,000 in April 2021, reducing the ending balance to $5,105. Defendant's PFS does not provide any explanation for these apparent transfers of account assets offshore.

PSR ¶ 90: liabilities for defendant's PPP loans should be noted, in addition to credit card debt.

PSR ¶ 91: should be revised to reflect that defendant's monthly income claims are not reliable, for the reasons discussed above.

PSR ¶¶ 92, 94: analysis of defendant's monthly cash flow and ability to pay is not reliable to the extent it assumes defendant has a $10,000 monthly cash flow.

**F.  Offense Level Computation**

The USAO agrees with the PSR that defendant's base offense level is 7, increased by 8 levels for a fraud loss of $130,335, pursuant to USSG §2B1.1(b)(1)(E); PSR ¶¶ 28-30. The USAO has the following objections to the PSR's offense level computation:

PSR ¶ 31: the PSR provides no Victim Related Adjustment. The government submits that a 2-level enhancement is warranted, pursuant to USSG §2B1.1(b)(2)(A)(iii), because defendant's offense conduct resulted in substantial financial hardship to victim N.W.

PSR ¶ 33: the PSR provides no Adjustment for Obstruction of Justice. The government submits that a 2-level enhancement is warranted, pursuant to USSG §3C1.1, because defendant willfully obstructed or impeded the administration of justice by providing altered documents and materially false information to the Probation Officer in respect to the presentence investigation for the Court.

USSG §3C1.1, comment. (n.4(C), (H)); §5E1.3, comment. (n.6). The false information in question is material because, if believed, it would tend to influence or affect the issue under determination, namely, defendant's ability to pay restitution and a fine.

PSR ¶ 36: the PSR provides a 2-level for reduction of Acceptance of Responsibility. Defendant's conduct resulting in an enhancement under §3C1.1, however, indicates that defendant has not accepted responsibility for his criminal conduct, and therefore he should not receive this reduction. USSG §3E1.1, comment. (n.4).

As result, defendant's offense level 15 is increased by 4 levels for a total offense level 19. Given his Criminal History Category II (PSR ¶ 44), defendant's guideline range is 33-41 months, not 15-21 months. PSR ¶ 96.

**II. SENTENCING GUIDELINES CALCULATIONS**

The government submits that defendant's correct Sentencing Guidelines total offense level and guideline range are as calculated in Section I.F. above. Plea Agreement ¶ 15 includes a 2-level COVID variance recommendation, which is unwarranted given defendant's obstruction of justice. Assuming the Court finds defendant to have breached the Plea Agreement, thereby relieving the government of its sentencing stipulations pursuant to Plea Agreement ¶ 23, the government will not support the COVID variance recommendation at sentencing.

**III. RESTITUTION AND FINE**

Restitution in this case is mandatory, pursuant to 18 U.S.C. § 3663A, and the undisputed actual loss to victim N.W. is $130,335. PSR ¶ 106; USSG § 5E1.1; Plea Agreement ¶ 2.i. Defendant should be ordered to pay at least $25,000 of that amount immediately, because

7

he has such funds available on deposit with his counsel for that purpose. PSR ¶ 89.

Defendant may be fined up to $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater. 18 U.S.C. § 3571(b)(3),(d). For defendant's total offense level 19, the guideline fine range is $10,000 to $100,000. USSG §5E1.2(c)(3). Defendant's ability to pay a fine is presently undetermined due to his obstruction of justice regarding investigation of his financial condition. The government submits defendant should be ordered to pay a fine of at least $10,000.

## IV. SENTENCING RECOMMENDATION

The government recommends that the Court sentence defendant to a 36-month term of imprisonment, followed by a 3-year term of supervised release with the terms and conditions recommended by the Probation Officer in her April 28, 2021 letter to the Court, and order defendant to pay restitution to victim N.W. in the amount of $130,335 with immediate payment of at least $25,000, pay a fine of at least $10,000, and pay the mandatory special assessment of $100. The recommended sentence takes into consideration the nature and circumstances of defendant's offense conduct, which was serious, and defendant's obstruction of the Probation Officer's presentence investigation, which is egregious.

Defendant perpetrated his wire fraud scheme against victim N.W. by earning and exploiting the complete trust that N.W. placed in defendant to obtain the Adidas sneakers that defendant assured N.W. defendant could obtain with his (non-existent) connections with Adidas. Defendant lulled N.W. while defendant spent N.W.'s funds on defendant and his then fiancée. Defendant made no efforts to obtain

8

the promised shoes for N.W.  Defendant's wire fraud scheme lasted until N.W. was able to learn from an Adidas representative that defendant did not work for Adidas.  This humiliating experience left N.W. "broken," and resulted in substantial financial hardship to N.W.

Defendant pursued his wire fraud scheme against N.W. while on probation for a prior conviction for a $65,000 theft from an elder/dependent adult.  Defendant is well-educated, raised in an intact and supportive family, and lives rent-free in one of his father's condominiums.  Nothing in defendant's history or personal circumstances significantly mitigates his serious and repeated criminal conduct.  He is, simply put, a Con Man who preys on others.  Defendant's willingness to commit his wire fraud offense while on probation, and to provide altered and fake documents to the Probation Officer, underscore defendant's lack of respect for law and his danger to the public, and the need for his sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes of defendant.

Defendant's punishment should reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of defendant, and provide defendant with correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2).  The recommended sentence serves these purposes, but is not greater than necessary to do so.

## V. CONCLUSION

For the foregoing reasons, the government respectfully submits that the Court should (1) determine that defendant's total offense level is 19, and his Criminal History Category is II; (2) sentence

defendant to a 36-month prison term; (3) impose a 3-year term of supervised release that includes all the terms and conditions recommended by the Probation Officer; (4) order defendant to pay restitution to N.W. of $130,335, with immediate payment of $25,000; and (5) order defendant to pay a fine of at least $10,000 and a special assessment of $100 to the United States.